1   WORKMAN LAW FIRM, PC
    Robin G. Workman (Bar #145810)
2   robin@workmanlawpc.com
    Rachel E. Davey (Bar #316096)
3   rachel@workmanlawpc.com
    177 Post Street, Suite 800
4   San Francisco, CA 94108
    Telephone:  (415) 782-3660
5   Facsimile:  (415) 788-1028

6   *Attorneys for Plaintiff Richard Cortez on behalf of
    himself, and all others similarly situated*

7

8

9                   SUPERIOR COURT OF CALIFORNIA

10                    COUNTY OF SANTA CLARA

11

12
    RICHARD B. CORTEZ on behalf of himself,      No.  5:18-cv-04603-BLF
13  and all others similarly situated,
                                                 Assigned for all purposes to the
14              Plaintiffs,                       Hon. Beth Labson Freeman

15       vs.                                     **FIRST AMENDED CLASS ACTION
                                                 COMPLAINT**
16  UNITED NATURAL FOODS, INC.,
    UNITED NATURAL FOODS WEST, INC.
17  and DOES 1 through 50, inclusive,

18              Defendants.

19

20       Plaintiff Richard B. Cortez ("Plaintiff"), hereby alleges as follows:

21                  **SUMMARY OF ALLEGATIONS**

22       1.      This class action lawsuit arises from ongoing wrongful conduct by Defendants,

23  United Natural Foods, Inc. and United Natural Foods West, Inc. ("UNFI" or "Defendants"). On

24  behalf of himself, and all other similarly situated delivery drivers, Plaintiff alleges:

25       2.      Until UNFI changed the policy in approximately July of 2017, during the time

26  period including at least four (4) years prior to the filing of this action, UNFI had/has in place a

27  uniform and consistent policy and/or practice of not reimbursing Plaintiff, and other similarly

28  situated delivery drivers, in any amount, for the costs incurred to use their personnel cellular

telephones for work as required by California Labor Code section 2802.  Even after UNFI changed this uniform policy in response to complaints by delivery drivers, UNFI's new uniform policy only provided minimal reimbursement for these costs.  The minimal reimbursement UNFI provided, even after UNGI implemented the new policy, still did not reimburse Plaintiff and other similarly situated delivery drivers, for the costs incurred to use their personal cellular phones for work as required by UNFI.

3.      Until it changed its policy, during the time period including at least four (4) years prior to the filing of this action, UNFI had/has in place a uniform and consistent policy and/or practice of not paying Plaintiff, and other similarly situated delivery drivers, for all hours worked.  During that time, UNFI paid Plaintiff, and similarly situated delivery drivers, a set amount of monthly compensation, and did not pay Plaintiff or similarly situated delivery drivers for all hours worked, including for overtime.  This policy and practice continued until Defendant changed the policy and/or practice, and began paying Plaintiff, and similarly situated delivery driver, for all hours worked, including for overtime hours.  As a result, Plaintiff, and similarly situated delivery drivers, worked hours, including hours in excess of 8 hours a day and 40 hours a week, for which they did not receive compensation in violation of California Labor Code sections 510, 1194, and Industrial Welfare Commission ("IWC") Wage Orders.

4.      For at least four (4) years prior to the filing of this action, and through the present, UNFI had/has in place a uniform and consistent policy and/or practice of requiring Plaintiff and similarly situated delivery drivers, to work through meal periods and work more than five (5) hours without a meal period and failing to pay employees one (1) hour of pay at the employees' regular rate of compensation for each workday that UNFI did not provide the meal periods, as required by California Labor Code section 226.7, 512, and IWC Wage Orders.

5.       For at least four (4) years prior to the filing of this action, and through the present, UNFI had/has in place a uniform and consistent policy and/or practice of requiring Plaintiff and similarly situated delivery drivers, to work through meal periods and work more than five (5) hours without a meal period and failing to pay employees one (1) hour of pay at

the employees' regular rate of compensation for each workday that UNFI did not provide the meal periods, as required by California Labor Code section 226.7, 512, and IWC Wage Orders.

6.    For at least four (4) years prior to the filing of this action, and through the present, UNFI had/has in place a uniform and consistent policy and/or practice of requiring Plaintiff and similarly situated delivery drivers, to work through meal periods and work more than ten (10) hours without a second meal period and failing to pay employees one (1) hour of pay at the employees' regular rate of compensation for each workday that UNFI did not provide the second meal periods, as required by California Labor Code section 226.7, 512, and IWC Wage Orders.

7.    For at least four (4) years prior to the filing of this action, and through the present, UNFI had/has in place a uniform and consistent policy and/or practice of requiring Plaintiff and similarly situated delivery drivers, to work through rest periods and work more than four hours, or a major fraction thereof, without a 10 minute rest period, and by failing to pay employees one (1) hour of pay at the employees' regular rate of compensation for each workday that UNFI did not provide or make available the rest periods, as required by California Labor Code section 226.7, 512, and IWC Wage Orders.

8.    For at least four (4) years prior to the filing of this action, and through the present, UNFI had/has in place a uniform and consistent policy and/or practice of failing to maintain accurate time records showing hourly compensation, when Plaintiff, and similarly situated delivery drivers, began and ended each work day, meal periods taken, and total daily hours worked in violation of IWC Wage Orders and Labor Code section 1174.

9.    For at least four (4) years prior to the filing of this action, and through the present, UNFI had/has in place a uniform and consistent policy and/or practice of willfully failing to provide Plaintiff, and similarly situated delivery drivers, with accurate itemized wage statements as required by California Labor Code section 226(a).  UNFI failed to comply with section 226(a) in at least two ways.  First, UNFI failed to set forth total hours worked and gross and net wages earned, in violation of California Labor Code section 226(a), subsections (1), (2) and (5).  Second, UNFI failed to set forth the last our digits of employees' social security

number or an employee identification number other than ta social security number, in violation of California Labor Code section 226(a), subsection (7).

10.    For at least four (4) years prior to the filing of this action, and through the present, UNFI and their officers and/or managing agents, had/has in place a uniform and consistent policy and/or practice of willfully failing to timely pay wages owed to Plaintiff, and similarly situated delivery drivers, whose employment ceased, either voluntarily or by termination, in violation of California Labor Code sections 201-203.

11.    For at least four (4) years prior to the filing of this action, and through the present, UNFI, by failing to timely pay all the wages owed to Plaintiff, and similarly situated delivery drivers, engaged in false, unfair, fraudulent and deceptive business practices in violation of California Business and Professions Code section 17200, et seq.

12.    For at least four (4) years prior to the filing of this action, and through the present, Plaintiff, and similarly situated delivery drivers, were entitled to earn non-discretionary bonuses if they met certain criteria set forth by UNFI.  UNFI had/has in place a uniform and consistent policy and/or practice of UNFI, whereby UNFI did not include the bonuses when calculating the regular rate of pay for purposes of overtime calculations.  Through this uniform and consistent policy and/or practice, UNFI failed to pay Plaintiff, and similarly situated delivery drivers, with all wages owed, in that UNFI either (a) did not pay any overtime during part of the pertinent time period; or, (b) when UNFI did pay overtime, it paid an overtime rate that was too low, thereby not paying Plaintiff, and similarly situated delivery drivers, with all wages owed, in violation of California Labor Code sections 201-204, 510 and 1194.

13.    Plaintiff Richard B. Cortez, a resident of the State of California, brings this action pursuant to California Labor Code Sections 201-204b, 226, 226.7, 510, 512, 558, 1174, 1194, 2802 and California Business and Professions Code section 17200 et. seq.; and applicable Industrial Welfare and Commission Wage Orders made pursuant to California Labor Code sections 2699, 2699.3 and 2699.5.

## JURISDICTIONAL ALLEGATIONS

14.     Plaintiff Richard B. Cortez, a resident of the State of California, brings this action pursuant to California Labor Code Sections 201-204b, 226, 226.7, 510, 512, 558, 1174, 1194, 2802 and California Business and Professions Code section 17200 et. seq.; and applicable Industrial Welfare and Commission Wage Orders made pursuant to California Labor Code sections 2699, 2699.3 and 2699.5.

15.     UNFI is in the business of the distribution of natural foods.  UNFI engages in this business throughout California.

16.     Plaintiff is ignorant of the true names and capacities of Doe Defendants 1-50, inclusive.  Plaintiff sues these Defendants by such fictitious names pursuant to California Code of Civil Procedure §474.  Plaintiff will seek leave of Court to amend this Complaint to identify these Defendants when their identities are ascertained.  Plaintiff is informed and believe, and on that basis alleges, that each of the fictitiously named Defendants was in some manner liable and legally responsible for the damages and injuries set forth herein.

## CLASS ALLEGATIONS

17.     California Code of Civil Procedure section 382 provides, in pertinent part: "[W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."  Plaintiff brings this sure as a class action pursuant to section 382.

18.     Plaintiff was employed by UNFI for over a year from June 2016 to August 2017.  Plaintiff worked as a delivery driver for UNFI and reported to the UNFI location in Gilroy, California.  The job of a delivery driver required Plaintiff to deliver UNFI's product to stores such as Whole Foods.  UNFI loaded up the delivery trucks at its distribution locations, such as Gilroy.  Plaintiff, and the other drivers, would drive the delivery trucks to UNFI's clients, such as Whole Foods in San Francisco.  UNFI set the drivers' work schedules, i.e., when they were to arrive at work, as well as the delivery schedules for UNFI's product.  Delivery drivers had no control over either.  This action seeks relief on behalf of two subclasses of persons in the

employ of UNFI in California within four years preceding the filing of the action to the present comprised of the following employees:

        a.      Subclass A:  Those persons employed by UNFI as delivery drivers; and,

        b.      Subclass B:  Those persons employed by UNFI to whom UNFI issued wage statements.

19.    Given Plaintiff was employed by UNFI within four years of filing this complaint and was subject to the actions/inaction of UNFI of which he complains, Plaintiff is an adequate and proper class representative.  Plaintiff brings this action in his individual capacity, on behalf of all others similarly situated, as an aggrieved employee, and pursuant to California Business & Professions Code section 17204, on behalf of the general public.

20.    As a driver for UNFI, Plaintiff and other similarly situated delivery drivers, were required to use their personal cell phones to make and receive work-related calls both from other UNFI employees and from customers of UNFI.  Until approximately July 2017, UNFI did not reimburse Plaintiff, or similarly situated delivery drivers, any amount for the costs associated with the use of their personal cell phone and internet usage.  In approximately July 2017, UNFI changed its policy and began providing a $20/month lump sum reimbursement to Plaintiff and other delivery drivers for their personal cell phone usage.  UNFI took no measures to determine whether this reimbursement was sufficient.  Given the requirements placed on Plaintiff, and the other delivery drivers, the small reimbursement provided still was not sufficient to reimburse Plaintiff and the other delivery drivers for the costs incurred to use their personal cell phones for work.

21.    During the pertinent time period, UNFI had/has in place a uniform and consistent policy and/or practice of requiring Plaintiff, and similarly situated delivery drivers, to work through meal periods and work more than five (5) hours without a meal period.  Through this policy and/or practice, UNFI impeded the ability of Plaintiff, and similarly situated drivers, from taking meal breaks.  As a result of UNFI'S policy and/or practice, Plaintiff was required to work through his meal breaks.  This occurred to Plaintiff several times a week.  UNFI also had in place a policy and/or practice of failing to pay Plaintiff, and similarly situated delivery

drivers, one (1) hour of pay at the employees' regular rate of compensation for each workday that UNFI did not provide the meal periods.  When this occurred, Plaintiff did not receive the additional hour of compensation as required by the Labor Code.  UNFI also had/has in place a uniform and consistent policy and/or practice of requiring Plaintiff, and similarly situated delivery drivers, to work through meal periods and work more than ten (10) hours without being able to take a second meal period.  Through this policy and/or practice, UNFI impeded the ability of Plaintiff, and similarly situated drivers, from taking their second meal breaks.  As a result of UNFI'S policy and/or practice, Plaintiff was required to work through his second meal breaks.  When UNFI required Plaintiff to work in excess of 10 hours a day, which happened with regularity, he worked through the meal break.  UNFI also had in place a policy and/or practice of failing to pay Plaintiff, and similarly situated delivery drivers, one (1) hour of pay at the employees' regular rate of compensation for each workday that UNFI did not provide the second meal periods.

22.     During the pertinent time period, UNFI had/has in place a uniform and consistent policy and/or practice of requiring Plaintiff, and similarly situated delivery drivers, to work through rest periods and work at least four (4) hours without a rest period.  Through this policy and/or practice, UNFI impeded the ability of Plaintiff, and similarly situated drivers, from taking rest breaks.  As a result of UNFI'S policy and/or practice, Plaintiff was required to work through his rest breaks.  This occurred to Plaintiff several times a week.  Defendants also had in place a policy and/or practice of failing to pay Plaintiff, and similarly situated delivery drivers, one (1) hour of pay at the employees' regular rate of compensation for each workday that UNFI did not provide the rest periods.

23.     As UNFI did not keep accurate records reflecting employees' actual meal breaks, and did not pay for the additional hour of compensation when Plaintiff, and similarly situated delivery drivers did not receive required rest and meal breaks, UNFI failed to provide accurate wage statements, in that it did not list all compensation on the wage statements and failed to pay all compensation owed as required by Labor Code sections 201, 202, 203, 204, and 204b.

24.     During the pertinent time period, UNFI had/has in place a uniform and consistent policy and/or practice of requiring Plaintiff, and similarly situated delivery drivers, to work in excess of eight (8) hours a day and forty (40) hours a week.  Pursuant to this policy, Plaintiff, and the other similarly situated delivery drivers, worked in excess of eight (8) hours a day and forty (40) hours a week.  During the last part of Plaintiff's employment, UNFI changed its policies and began paying Plaintiff, and similarly situated delivery drivers for all hours worked, and overtime compensation due, and reflected such on the wage statements.  Plaintiffs' wage statements reflect that he routinely worked in excess of 10 hours of overtime a week.

25.     Although during Plaintiff's employment, UNFI changed the method by which it paid Plaintiff, and the other delivery drivers, and began paying them for all hours worked, including overtime, the number of hours that Plaintiff, and the other drivers worked, did not change.  Plaintiff's schedule was essentially the same both before and after the change in policy.  During the initial part of Plaintiff's employment, when UNFI did not pay the delivery drivers for overtime worked, Plaintiff consistently worked in excess of 10 hours of overtime a week.  In at least one instance, Plaintiff worked 75 hours in one week.  As a result of UNFI's failure to pay for all hours worked, Plaintiff, and similarly situated delivery drivers, did not receive compensation for all hours worked and overtime compensation owed, as they routinely worked in excess of 10 hours a week in overtime and received no additional compensation.

26.     For at least four (4) years prior to the filing of this action, and through the present, UNFI had/has in place a uniform and consistent policy and/or practice, whereby Plaintiff, and similarly situated delivery drivers, were entitled to earn non-discretionary bonuses if they met certain criteria set forth by UNFI.  UNFI also had/has in place a uniform and consistent policy and/or practice of UNFI, whereby UNFI did not include the bonuses when calculating the regular rate of pay for purposes of overtime calculations.  Plaintiff, and similarly situated delivery drivers, met the criteria set forth by UNFI and were paid the non-discretionary bonuses by UNFI.  The precise number of times that Plaintiff, and the similarly situated delivery drivers, received the bonuses is set forth on the wage statements provided by UNFI.

27. Through UNFI's uniform and consistent policy and/or practice of not including the non-discretionary bonus in the regular rate of pay calculation, UNFI failed to pay Plaintiff, and similarly situated delivery drivers, with all wages owed, in that UNFI either (a) did not pay any overtime during part of the pertinent time period; or, (b) when UNFI did pay overtime, it paid an overtime rate that was too low, thereby not paying Plaintiff, and similarly situated delivery drivers, with all wages owed, in violation of California Labor Code sections 201-204, 510 and 1194. Because of Defendant's failure to pay for all hours worked, and overtime compensation owed, and failure to pay the correct overtime rate, UNFI failed to provide Plaintiff and those similarly situated employees with accurate wage statements in violation of Labor Code section 226. For the delivery drivers, the wage statements violated Labor Code sections 226(a)(1)(2) and (5).

28. For at least four (4) years prior to the filing of this action, and through the present, UNFI had/has in place a uniform and consistent policy and/or practice, whereby UNFI did not list either the last four digits of the employees' social security number or an employee identification number on the wage statements in violation of Labor Code section 226(a)(7). Plaintiff's wage statements did not contain this information.

29. Plaintiff is informed and believes that the damages, back-wages, restitution, penalties, interest and attorneys' fees do not exceed an aggregate of $4,999,999.99 and that Plaintiff's individual claims do not exceed $74,999.99.

30. The proposed class is sufficiently numerous and the proposed class members are geographically dispersed throughout California, the joinder of whom in one action is impracticable, such that the disposition of those claims in a class action will provide substantial benefits to both the parties and the Court.

31. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to Subclass A, the delivery drivers, predominate over questions that may affect individual class members. These questions include, but are not limited to, the following:

1  (a) Whether UNFI implemented and engaged in a practice whereby it unlawfully

2    failed to reimburse Plaintiff and other delivery drivers for work-related expenses

3    as required by law;

4  (b) Whether UNFI implemented and engaged in a systematic practice whereby it

5    unlawfully failed to provide meal periods to Plaintiff and other delivery drivers as

6    required by law and failed to pay Plaintiff and other delivery drivers compensation

7    for the lack of meal periods;

8  (c) Whether UNFI implemented and engaged in a systematic practice whereby it

9    unlawfully failed to provide rest periods to Plaintiff other delivery drivers as

10    required by law and failed to pay class members compensation to Plaintiff and

11    other delivery drivers for the lack of rest periods;

12  (d) Whether UNFI implemented and engaged in a practice whereby it failed to pay

13    Plaintiff, and other delivery drivers, for all hours worked and overtime pay due;

14  (e) Whether UNFI implemented and engaged in a practice whereby it failed to include

15    all remuneration in the calculation of the regular rate of pay, thereby failing to pay

16    Plaintiff and other delivery drivers all earned regular and overtime pay;

17  (f) Whether the acts and practices of UNFI as alleged herein violated, <u>inter alia</u>,

18    applicable provisions of the California Labor Code, including but not limited to

19    sections 201, 202, 203, 204, 204b, 226, 226.7, 510, 512, 558, 1174, 1194, 2802,

20    and 2698, et seq., and applicable Industrial Welfare Commission Orders, and

21    California Business & Professions Code section 17200, <u>et seq.</u>

22  The questions of law and fact common to Subclass B predominate over questions that

23 may affect individual class members.  These questions include, but are not limited to, the

24 following:

25  (a) Whether UNFI implemented and engaged in a practice whereby it failed to

26    provide accurate and compliant wage statements to Plaintiff and other

27    employees, in that UNFI failed to show the last four digits of employees' social

28    security numbers, or an employee identification number, on wage statement;

(b)    Whether the acts and practices of UNFI as alleged herein violated, <u>inter</u> <u>alia</u>, applicable provisions of the California Labor Code, including but not limited to sections 226 and 2698, et seq., and applicable Industrial Welfare Commission Orders, and California Business & Professions Code section 17200, <u>et</u> <u>seq.</u>

32.    Because Defendant required Plaintiff to incur work-related expenses without reimbursement, required Plaintiff to work through rest and meal breaks, and failed to compensate Plaintiff for missed meal or rest periods, failed to pay Plaintiff for all hours worked and overtime compensation owed, failed to include all remuneration in the regular rate of pay calculation for Plaintiff, and failed to provide Plaintiff with accurate wage statements as required by the California Labor Code, Plaintiff asserts claims in accord with the claims of both Subclasses.

33.    Plaintiff will fairly and adequately represent and protect the interests of the proposed class members in that he has no disabling conflict of interest that would be antagonistic to those of the other members of the proposed Subclasses.  Plaintiff retained counsel who are competent and experienced in the prosecution of class action wage and hour violations.

34.    Because Plaintiff and the members of the proposed Subclasses all similarly suffered irreparable harm and damages as a result of UNFI's unlawful and wrongful conduct, class treatment is especially appropriate and this action will provide substantial benefits to both. Absent this action, UNFI's unlawful conduct will continue unremedied and uncorrected.

## **FIRST CAUSE OF ACTION**

### **(Violation of California Labor Code § 2802)**

### **(Subclass A)**

35.    Plaintiff, and members of the proposed Subclasses, reallege and incorporate by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

36.    California Labor Code section 2802 provides that an employer "shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, . . ."

37.     Plaintiff, and other delivery drivers, used their personal cell phones to make and receive work-related calls.  UNFI knew delivery drivers were using their personal cell phones for work and either did not reimburse Plaintiff, and other delivery drivers, for any of the costs of using their personal cell phones for work or provided inadequate reimbursement.

38.     Plaintiff, and other delivery drivers, have suffered damages as a direct consequence of UNFI's failure to comply with Labor Code section 2802 and they seek reimbursement for the expenditures they incurred in direct consequence of the discharge of their duties in an amount according to proof at time of trial with interest thereon, costs, applicable civil penalties and attorney's fees as set forth below.

39.     Plaintiff and proposed members of Subclass A are therefore entitled to the relief requested below.

## SECOND CAUSE OF ACTION

### (Rest Break Violations:  Cal. Lab. Code §§ 226.7 & Applicable IWC Wage Order §12)

### (Subclass A)

40.     Plaintiff and the proposed Subclass members incorporate by reference the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

41.     California Labor Code section 226.7 provides that "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health standards Board, or the Division of Occupational Safety and Health."  Labor Code section 516 provides that the IWC "may adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers."

42.     Section 12(A) of the applicable IWC Wage Order states:  "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction

thereof.  However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours.  Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

43.     Section 12(B) of the IWC Wage Orders provides:  "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."  Labor Code section 226.7(c), provides the same.

44.     During the pertinent time period, UNFI had/has in place a uniform and consistent policy and/or practice of requiring Plaintiff, and similarly situated delivery drivers, to work through rest periods and work more than four (4) hours without a rest period.  Through this policy and/or practice, UNFI impeded the ability of Plaintiff, and similarly situated drivers, from taking rest breaks.  As a result of UNFI'S policy and/or practice, Plaintiff was required to work through his rest breaks.  This occurred to Plaintiff several times a week.  UNFI did not pay the additional hour of pay required by section 226.7 when it failed to provide a rest period.  Given these failures, UNFI also did not provide Plaintiff and the other delivery drivers with accurate wage statements, in that the wage statements did not set forth all compensation earned in violation of California Labor Code section 226, as UNFI did not set forth the additional hour of compensation earned.

45.     As a result of UNFI's failures, Plaintiff and the other delivery drivers are entitled to recover the additional hour of compensation as set forth in California Labor Code section 226.7 and damages and penalties as allowed under section 226, and other applicable Labor Code provisions.

46.     Plaintiff and the members of the proposed Subclasses members are therefore entitled to the relief requested below.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THIRD CAUSE OF ACTION

### (Meal Break Violations:  Cal. Lab. Code §§ 226.7 & Applicable IWC Wage Order §11)

47.    California Labor Code section 226.7 provides that "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health standards Board, or the Division of Occupational Safety and Health."  Labor Code section 516 provides that the IWC "may adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers."

48.    California Labor Code section 512 provides:  "An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."  Neither Plaintiff, nor similarly situated delivery drivers, waived their right to meal periods.

49.    Section 11(A) of the applicable IWC Wage Order states:  "No employer shall employee any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the days' work the meal period may be waived by mutual consent of the employer and the employee."  Section 11 (B) states:  "An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than twelve (12) hours,

the second meal period may be waived by mutual consent of the employer and the employee only if the firs meal period was not waived."   Section 11(D) states:  "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided."

50.     During the pertinent time period, UNFI had/has in place a uniform and consistent policy and/or practice of requiring Plaintiff, and similarly situated delivery drivers, to work through meal periods and work more than five (5) hours without a meal period.  Through this policy and/or practice, UNFI impeded the ability of Plaintiff, and similarly situated drivers, from taking meal breaks.  As a result of UNFI'S policy and/or practice, Plaintiff was required to work through his meal breaks.  This occurred to Plaintiff several times a week.  UNFI did not pay the additional hour of pay required by section 226.7 when it failed to provide a meal period.  Given these failures, UNFI also did not provide Plaintiff and the other delivery drivers with accurate wage statements, in that the wage statements did not set forth all compensation earned in violation of California Labor Code section 226, as UNFI did not set forth the additional hour of compensation earned.

51.     As a result of UNFI's failures, Plaintiff and the other delivery drivers are entitled to recover the additional hour of compensation as set forth in California Labor Code section 226.7 and damages and penalties as allowed under section 226, and other applicable Labor Code provisions.

52.     Plaintiff and the members of the proposed Subclasses members are therefore entitled to the relief requested below.

## FOURTH CAUSE OF ACTION

**(Failure to Provide Accurate, Itemized Wage Statements
Labor Code Section 226(a))**

**(Subclasses A & B)**

53.     Plaintiff and members of the proposed Subclasses reallege and incorporate by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

54.    Labor Code section 226(a) provides:  "(a) An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer . . . , and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee . . . ."

55.    Section 226(e) provides:  "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

56.    In response to conflicting interpretations by the federal district courts, the California Legislature amended section 226(e), effective January 1, 2013, to clarify what an employee must prove to meet the "suffering injury" requirement.  As amended, section 226(e)(2)(B), subdivisions (i) and (iv) explain:

> An employee is **deemed to suffer injury for purposes of this subdivision** if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:
>
> (i) . . . **any of the other information required to be provided** on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).
> (iv) The name of the employee **and only the last four digits of his or her social security number or an employee identification number** other than a social security number.

(Emphasis added.)

57.    Because "one or more of the items" included in items "(1) to (9)" of section 226(a) is item (2), which required UNFI to set forth delivery drivers hours worked, and because without listing the hours worked on the wage statements, delivery drivers could not "promptly and easily determine from the wage statement" their total hours worked, delivery drivers are "deemed to suffer injury" as a result of UNFI's failure to comply with section 226(a)(2).  The same is true for UNFI's failure to set forth the last four digits of the social security number or an employee identification number.  Delivery drivers could not determine this information from the wage statements alone.  As a result, Plaintiff, and similarly situated delivery drivers suffered injury as a result of UNFI's failure to comply with sections 226(a), subdivisions (1), (2), (5), and (7).  Plaintiff, and similarly situated delivery drivers also suffered injury because of the following:

a.    Confusion over whether they received all wages owed to them by UNFI;

b.    The difficulty and expense of attempting to reconstruct time and pay records;

c.    Being forced to engage in mathematical computations to analyze whether UNFI's wages in fact compensated for all hours worked;

d.    The inability to accurately calculate wage rates complicated by the fact that wage statement information required by Labor Code section 226 is missing;

e.    That UNFI's practices prevents the members of the proposed classes from being able to effectively challenge information on their wage statements;

f.    The difficult and expense of filing and maintaining this lawsuit, and the discovery required to collect and analyze the very information that California law requires; and,

g.    The difficulty and inability to discern if UNFI properly paid and kept track of wages earned by each individual, due to the missing social security number or employee identification.

58.    UNFI failed to provide timely, accurate, itemized wage statements to Plaintiff, and those members of proposed Subclasses A & B, in accordance with Labor Code section 226(a).  In particular, with respect to Subclass A, the wage statements UNFI provided Plaintiff,

and the other delivery drivers, do not accurately reflect the actual gross or net wages earned and, for part of the class period, did not reflect all hours worked.  The wage statements were also inaccurate because UNFI did not pay the additional hour of compensation for missed rest or meal breaks or properly calculate the regular rate of pay thereby inaccurately calculating overtime compensation.  With respect to Subclass B, UNFI did not set forth either the employees' last four digits of their social security numbers of employee identification number in violation of Labor Code section 226(a)(7).  All class members were deemed to suffer injury, as defined by section 226(e), as a result of UNFI's failures.

59.    UNFI's failure to comply with Labor Code section 226(a) was, and continues to be, knowing and intentional.  As alleged herein, UNFI was aware that, for part of the pertinent time period, that Plaintiff, and the other delivery drivers, worked hours for which they received no regular or overtime compensation and these hours were not listed on wage statements.  UNFI was also aware that pursuant to its policies, for the entire proposed class period, Plaintiff and other similarly situated deliver drivers did not receive meal and rest breaks, or compensation for same, and the regular rate of pay did not include all remuneration for delivery drivers.  UNFI systematically failed to include this information on the wage statements, or properly calculate the regular rate of pay.  UNFI was also aware that the employees' last four digits of their social security numbers, or employee identification numbers, do not appear on wage statements.  As a result, Plaintiff, and those similarly situated in both Subclasses A & B, suffered injury and are entitled to recover actual damages.

60.    UNFI is liable to Plaintiff, and those in both Subclasses A & B, for all recovery allowed pursuant to Labor Code sections 226(e) and 226.3, with interest thereon, and penalties as provided in the Labor Code.  Furthermore, Plaintiffs and the proposed subclasses are entitled to an award of attorneys' fees and costs as set forth below.

61.    Plaintiff and Subclass members are therefore entitled to the relief requested below.

///

///

## FOURTH CAUSE OF ACTION

### (Failure to Pay Regular and Overtime Wages Pursuant to
### Labor Code Sections 510, 558, and 1194)

### (Subclass A)

62.     Plaintiff and members of the proposed Subclasses reallege and incorporate by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

63.     California Labor Code section 510 provides, in pertinent part:  "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."  The "regular rate of pay" includes "all [applicable] remuneration paid ot, or on behalf of the employee."  See, e.g., 29 U.S.C. § 207(3).  The California Industrial Welfare Commission applies this standard for determining an employee's regular rate of pay for overtime calculation purposes.

64.     California Labor Code section 1194 provides:  "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

65.     During portions of the relevant time period, UNFI did not pay Plaintiff, and other similarly situated delivery drivers, for all hours worked or overtime compensation due. UNFI required Plaintiff and other delivery drivers to work in excess of 8 hours per day and 40 hours per week but did not provide regular or overtime compensation for the additional hours for the work performed.  Plaintiff, and similarly situated delivery drivers, routinely worked in excess of 10 hours of overtime each workweek.  In one instance, Plaintiff worked 75 hours in a week.  Pursuant to its policy and practice at the time, UNFI did not pay Plaintiff, and similarly situated delivery drivers, for the overtime hours worked.

66.     In addition, UNFI had/has in place a uniform and consistent policy and/or practice, whereby Plaintiff, and similarly situated delivery drivers, were entitled to earn non-

discretionary bonuses if they met certain criteria set forth by UNFI.  UNFI also had/has in place

a uniform and consistent policy and/or practice of UNFI, whereby UNFI did not include the

bonuses when calculating the regular rate of pay for purposes of overtime calculations.  As a

result of UNFI's policy, of not including the non-discretionary bonus in all remuneration when

calculating the regular rate of pay, UNFI did not pay the accurate overtime rate when it did pay

overtime compensation.

67.     As a result of UNFI's uniform policies and procedures, UNFI failed to pay

Plaintiff, and similarly situated employees, earned regular and overtime wages, failed to

properly calculate overtime compensation, and failed to provide Plaintiff and similarly situated

delivery drivers with accurate wage statements as required by California Labor Code sections

226 and keep records as required by section 1174.  Plaintiff and Subclass A members are

entitled to recover their unpaid regular and overtime compensation and penalties arising

therefrom.

68.     Plaintiff and Subclass members are therefore entitled to the relief requested below.

## **FIFTH CAUSE OF ACTION**

### **(Failure to Pay Wages When Due Pursuant to California Labor Code §§ 201, 202, 203, 204, 204b)**

### **(Subclass A)**

69.     Plaintiff and members of the proposed Subclasses reallege and incorporate by

reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

70.     During all relevant periods, California Labor Code section 204 required that:

"labor" performed by a semi-monthly paid employee shall be paid for no later than between the

16th and the 26th of the month for labor performed between the 1st and the 15th of the month or

between the 1st and the 10th day of the following month for labor performed between the 16th

and the last day of the month.  Labor Code section 204b also provides that "labor" performed by

a weekly employee during any calendar week, and prior to or on the regular payday shall be

paid for not later than the regular payday of the employer for such weekly-paid employer.

Labor Code section 200 states that "'wages' includes all amounts for labor performed by

employees of every description…" and "'labor' includes labor, work, or service whether rendered or performed under contract…or other agreement if the labor to be paid for is performed personally by the person demanding payment."

71.    For portions of the pertinent time period, Plaintiff, and those similarly situated delivery drivers, were required to work in excess of 8 hours in a day and 40 hours a week for which UNFI did not pay compensation.  In addition, UNFI did not pay the additional hour of compensation when Plaintiff and those similarly situated delivery drivers did not get rest or meal breaks.  UNFI also did not include all remuneration when calculating the regular rate of pay for purposed of determining the appropriate rate of pay for overtime hours worked. Because of these failures, UNFI did not timely pay all wages due as required by Labor Code sections 204 and 204b and did not pay all wages due upon termination for in violation of California Labor Code sections 201, 202 and 203.

72.    Plaintiff and Subclass members are therefore entitled to the relief requested below.

## SIXTH CAUSE OF ACTION

### (Unlawful, Unfair and Fraudulent Business Practices Pursuant To Business & Professions Code Section 17200, et seq.)

### (Subclasses A & B)

73.    Plaintiff and members of the proposed Subclasses reallege and incorporate by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

74.    California Business & Professions Code section 17200, et seq. prohibits acts of unfair competition, which shall mean and include any "unlawful business act or practice."

75.    The policies, acts and practices heretofore described were and are unlawful business acts or practices because UNFI failed to pay regular and overtime wages at the lawful rate, failed to pay wages for regular and overtime hours worked, failed to provide accurate and timely wage statements, and failed to reimburse employees for costs associated with performing their jobs in violation of applicable Labor Code sections, including but not limited to California Labor Code sections 201-204b, 226, 226.7, 510, 512, 558, 1174, 1194, 2802, applicable Industrial Welfare Commission Wage Orders, the Labor Code Private Attorney General Act of

2004 ("PAGA"), California Labor Code section 2698, et seq., and other provisions of California common and/or statutory law.  Plaintiff reserves the right to allege additional statutory and common law violations by Defendants.  Such conduct is ongoing to this date.

76.    The policies, acts or practices described herein were and are an unfair business act or practice because any justifications for UNFI's illegal and wrongful conduct were and are vastly outweighed by the harm such conduct caused Plaintiff, the proposed class members, and the members of the general public.  Such conduct is ongoing to this date.

77.    Plaintiff and Subclass members are therefore entitled to the relief requested below.

## SEVENTH CAUSE OF ACTION

### (Labor Code Private Attorneys General Act of 2004: Labor Code Sec. 2698)

### (Subclasses A & B)

78.    Plaintiff and members of the proposed Subclasses reallege and incorporate by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

79.    The policies, acts and practices heretofore described were and are unlawful because UNFI's failure to provide employees rest and meal breaks; failure to pay employees compensation for work without meal and rest periods; failure to timely pay employees for all hours worked and to timely pay all wages and overtime compensation due; failure to include all remuneration in the regular rate of pay; failure to reimburse employees for all expenses incurred; and, failure to provide accurate itemized wage statements to Plaintiff and other similarly situated aggrieved employees violates applicable Labor Code sections and gives rise to statutory and civil penalties as a result of such conduct, including but not limited to penalties as provided by Labor Code sections 201, 202, 203, 204, 204b, 226, 226.7, 510, 512, 1174, 1194, 2698, 2699(f), and 2699.5, and applicable Industrial Welfare Commission Wage Orders.  Plaintiff, as an aggrieved employee, hereby seeks recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 on behalf of himself and other current and former employees of UNFI against whom one or more of the violations of the Labor Code was committed.

80.    On February 23, 2018, Plaintiff gave written notice to the California Labor and Workforce Development Agency by online submission through their website and by certified

1  mail to United Natural Foods, Inc. dba UNFI, of Labor Code violations as prescribed by

2  California Labor Code section 2699.3.  Plaintiff has not received written notification by the

3  LWDA of an intention to investigate the allegations set forth in Plaintiff's letter or written notice

4  of an intent to cure, as prescribed by California Labor Code section 2699.3.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1.  An order certifying that the action may be maintained as a class action;

2.  Compensatory and statutory damages, penalties and restitution, as appropriate and available under each cause of action in an amount to be proven at trial;

3.  Reasonable attorneys' fees pursuant to Labor Code sections 226, 1194, 2802 and 2699;

4.  Treble damages if Defendants fail to pay the determined amount pursuant to Labor Code section 206;

5.  Costs of this suit;

6.  Pre- and post-judgment interest.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Date: March 29, 2019

WORKMAN LAW FIRM, PC

By: _____
Robin G. Workman
*Attorneys for Plaintiff, Richard Cortez, and all others similarly situated*

FIRST AMENDED COMPLAINT                    -23-                    3277\PLEADINGS\FAC.DOC